THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EVA-RISTO VELÁZQUEZ MUÑIZ, Defendant and Appellant.

No. 11329. Argued March 13, 1946.—Decided April 25, 1946.

*García Méndez & García Méndez* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney (Fiscal Auxiliar),* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On January 28, 1941, two informations were brought, in the District Court of Aguadilla, against the appellant in this case. One was for assault with intent to commit murder and the other for carrying a weapon. On February 17, 1941, the accused was arraigned on both charges. As to the first charge, he pleaded not guilty, and as to the second, he requested and obtained from the court a term to answer the information, which he did on May 22 of the same year, entering a plea of not guilty and asking that both cases be jointly tried. The court granted the latter request.

On October 3, 1943, the defendant moved to dismiss both prosecutions on the ground that more than 120 days had

elapsed since the filing of the information without a trial having been held. After hearing the parties, the court ordered the dismissal of the case of assault with intent to murder but denied the motion as to the case of carrying a weapon, which it allowed to stand as it considered that the delay in the holding of the trial in said case had been due to the action of the defendant in requesting that it be tried jointly with the principal or felony case. On the same day, the district attorney filed a new information in the case of assault with intent to murder.

On July 18, 1945, the lower court, on a new motion of the defendant, dismissed the prosecution for assault with intent to murder. This time the district attorney was precluded from bringing a new information, as the prosecution was barred because more than three years had elapsed since the commission of the offense. At this stage, the lower court summoned the accused to appear on September 26, 1945, for trial on the charge of carrying a weapon.

The accused, who at no time had requested any postponement of the trial in the latter case, on September 25, 1945, filed a motion to dismiss the prosecution on the ground that the trial had not been held within the 120 days provided by subdivision 2, § 448 of the Code of Criminal Procedure. On the day set for the trial, the court denied the motion to dismiss on the authority of *Lugo* v. *District Court,* 55 P.R.R. 363 and, after hearing the case on the merits, found the defendant guilty of carrying a weapon and sentenced him to one month in jail.

The defendant thereupon took the present appeal, and he has assigned two errors, of which we will consider only the first one, as it is sufficient to justify the reversal of the judgment.

The defendant urges that the lower court erred in denying the motion to dismiss the prosecution, because his

request to have the case of carrying a weapon set for trial jointly with the principal case, namely, that of assault with intent to murder, did not carry with it, either expressly or impliedly, any waiver of his right to a speedy trial nor of any limitation period which might operate in his favor in both cases. The record of the former case fails to show the filing by the accused of any motion for a continuance, or any justification for the delay in the holding of the trial, which was set, for the first time, for September 26, 1945, that is, five years after the filing of the information. The appellant is right. In the mandamus case of *Pedro Berríos Cruz* v. *District Court of Caguas,* decided on November 14, 1945, Mr. Justice de Jesús, as Acting Judge in Vacation, ordered the dismissal of the prosecution, saying:

"The fact that upon being arraigned the accused asked that the case of carrying a weapon be tried jointly with that of attempted homicide does not mean that he waived his right to a speedy trial in both cases. He was entitled to expect that the trial in the case of attempted homicide would be held within the period provided by § 448 of the Code of Criminal Procedure."

The case of *Lugo* v. *District Court, supra,* invoked by the prosecuting attorney, is not applicable to the instant case, inasmuch as the circumstances of each case are distinct. In the *Lugo* case there was an implied waiver of the right to a speedy trial. A speedy trial was made available to the accused by setting the case for trial within the statutory period of 120 days; but he waived that right when he requested a continuance in the case of carrying a weapon in order that it might be tried jointly with that of attempted homicide. In the case at bar no such waiver occurred.

For the reasons stated the judgment appealed from is reversed and the defendant discharged.